# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GEORGE ELLIS TOLEFREE**  **PLAINTIFF**
**ADC #121114**

V.  NO. 4:20-cv-00008-JM-ERE

**MELANIE JONES, Doctor**  **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.  Background:**

Plaintiff George Ellis Tolefree, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983 alleging that Defendant Melanie Jones, M.D., was deliberately indifferent to his serious medical needs. *Doc. 2.*

Dr. Jones filed a motion for summary judgment, statement of undisputed facts, and brief in support. *Docs. 53, 54, 55*. Mr. Tolefree has responded to Dr. Jones' motion. *Doc. 64*. In addition, the Court previously subpoenaed Mr. Tolefree's medical records from G. Thomas Frazier, M.D. *Doc. 59*. After receiving the medical records at issue, the Court gave both parties the opportunity to supplement their previous filings on the issue of whether Dr. Jones is entitled to judgment as a matter of law. *Doc. 65*. Mr. Tolefree has filed an addendum to his previous response to Dr. Jones' motion for summary judgment. *Doc. 66*. Dr. Jones has not responded to Mr. Tolefree's addendum, and the time for doing so has passed. *Doc. 65*.

Thus, the issues are fully briefed and ripe for the Court's review.

**III.   Discussion:**

 **A.   Standard**

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for

2

trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

### B.     Factual Background[1]

On June 13, 2019, Mr. Tolefree alleges that he injured his right index finger while playing softball. *Doc. 55-1 at 15*. On the same day, Nurse Tabitha McCauley (not a party to this lawsuit) applied a splint to Mr. Tolefree's finger and entered Dr. Jones' verbal order for Mr. Tolefree to undergo an x-ray examination the following morning. *Id.*

On June 14, the x-rays of Mr. Tolefree's finger revealed an "acute chip fracture involving base of right 2nd middle phalanx with mild displacement." *Id. at 34*. On the same day, Nurse McCauley "called [Mr. Tolefree] down to let him know his finger tip [was] broken and slightly displaced." *Id. at 14*. She replaced Mr. Tolefree's splint on his right index finger and "gave him a script for treatment call if it g[o]t soiled." *Id.*

On June 27, Mr. Tolefree submitted a sick-call request complaining that: (1) his finger was not healing properly; (2) he was experiencing swelling; (3) his finger

---

[1] The facts are taken from Mr. Tolefree's medical records. Unless otherwise stated, the facts are undisputed.

3

was very sore; and (4) he was experiencing some throbbing. *Id. at 13, 22*. On the same day, Nurse Cymber Sievers (not a party to this lawsuit) examined Mr. Tolefree in the infirmary. Nurse Sievers: (1) told Mr. Tolefree to continue the prior treatment issued by the physician; and (2) renewed his ibuprofen prescription. *Id. at 14*.

On July 4, Nurse Maryland Cosey (not a party to this lawsuit) provided Mr. Tolefree an ice compress and noted that he should be examined the following day. *Id. at 12*.

On July 5, Nurse Terriane Johnson (not a party to this lawsuit) examined Mr. Tolefree noting a swollen finger and possible infection. *Id.* She ordered antibiotics, naproxen, and an x-ray examination. *Id.*

The same day, Mr. Tolefree had another x-ray. *Id. at 35*. That x-ray revealed "recent avulsion fracture involving base of right 2nd middle phalanx with mild displacement without callus formation . . . The findings are unchanged from 6/14/2019." *Id.*

On July 7, Dr. Jones examined Mr. Tolefree. *Id. at 11*. At that time, she told Mr. Tolefree that he had chipped a bone in the middle joint of his finger. She issued him: (1) a splint and taping supplies; (2) nonsteroidal anti-inflammatory drugs (NSAID) for pain/swelling; and (3) instructions for range of motion (ROM) exercises. *Id.*

On July 29, Mr. Tolefree's ibuprofen prescription was renewed. *Id. at 10-11*.

On July 30, Mr. Tolefree submitted a sick-call request complaining of throbbing pain in his finger. *Id. at 25*. He stated that his "finger [was] not healing properly because [it was] not set right." *Id.*

On August 4, Dr. Jones examined Mr. Tolefree. *Id. at 8*. She noted that Mr. Tolefree's finger was swollen and tender with a limited range of motion. *Id*. She ordered another x-ray in two weeks to monitor healing. *Id*.

On August 16, Mr. Tolefree had another x-ray. *Id. at p.7*. The x-ray revealed an "[o]ld healing right second finger fracture as described." *Id. at 36*. The radiology report specifically noted "no displacement." *Id.*

On August 25, Dr. Jones again examined Mr. Tolefree. *Id. at 6*. At that time, Mr. Tolefree complained that he was experiencing pain and that his finger was swollen. He explained that he was only removing the splint to shower and to sleep. Dr. Jones told Mr. Tolefree that she had instructed him to perform ROM exercises in July to strengthen his finger and increase flexibility. She noted that Mr. Tolefree's right index finger was "markedly swollen." *Id.* She told Mr. Tolefree that he should: (1) discontinue wearing the splint; (2) perform ROM exercises; and (3) continue NSAID for pain. *Id.*

On September 24, Dr. Jones examined Mr. Tolefree based on his complaint of finger pain and swelling. *Id. at 4, 31*. She noted that Mr. Tolefree's finger remained swollen and that his joints were "flexed and resist full extension." *Id. at 4*.

Dr. Jones "gave the inmate verbal instructions regarding the medical treatment that he/she is being given." *Id.*

On October 11, Mr. Tolefree had another x-ray. *Id. at 3, 37.* "[N]o definite acute fracture" was noted. *Id. at 37.* However, the results indicated that, at that time, Mr. Tolefree had suffered an "extensor tendon injury." *Id.*

On October 14, Dr. G. Thomas Frazier, an orthopedist, evaluated Mr. Tolefree. *Id. at 3.* He determined that he should surgically repair the joint of Mr. Tolefree's right index finger. *Id.* Dr. Jones then placed a consultation request for Mr. Tolefree to undergo surgery. *Id. at 2-3, 40.*

On December 6, Dr. Frazier performed surgery on Mr. Tolefree's finger. *Doc. 2 at 7.*

## C. Deliberate-Indifference Claim

Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105. Likewise, disagreement with treatment decisions cannot support a deliberate indifference claim. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006); see also *Dulany v.*

*Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997) (where medical records show that treatment was provided; and physician affidavits state that the care was adequate, an inmate's belief that she did not receive adequate care is insufficient to create disputed material fact). Stated another way, Dr. Jones can be held liable only if her actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)); see also *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (to prevail on Eighth Amendment Claim, inmate must show that defendants' mental state was akin to criminal recklessness). Mr. Tolefree "must clear a substantial evidentiary threshold" to show that the Dr. Jones acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).

In support of her motion for summary judgment, Dr. Jones presents the declaration of Chris Horan, M.D., the Regional Medical Director for Wellpath LLC, the contracted private healthcare provider for the ADC. *Doc. 55-2.* Dr. Horan states that "[c]onsidering the repeated radiologic findings, it was appropriate for Dr. Jones to treat Mr. Tolefree's injury conservatively." *Doc. 55-2 at 7.* Dr. Horan explains that, although Mr. Tolefree eventually required orthopedic care, Dr. Horan could "definitively state [] that the failure of his finger to heal was not due to the medical treatment decisions rendered by Dr. Jones." *Id.* Rather, Dr. Jones "performed appropriate follow-ups, ordered x-rays with appropriate time in between to allow for

7

healing, provided proper care and treatment for the finger, and considered all injuries and options throughout the process." *Id.*

At the summary judgment stage, Mr. Tolefree's unsupported assertions that the Dr. Jones was deliberately indifferent are insufficient. "'When the movant makes a *prima facie* showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 11 S.W.3d 531, 539 (2000)).

Here, Mr. Tolefree has failed to come forward with any evidence from which a factfinder could conclude that the Dr. Jones' treatment decisions were even arguably criminally reckless. Furthermore, Mr. Tolefree has not come forward with any evidence contradicting Dr. Horan's testimony that he has received adequate medical care.

Based on a review of Mr. Tolefree's medical records, during the time period in question, medical staff: (1) consistently and promptly examined him; (2) referred and transported him to outside specialists for examinations and treatment; and (3) consistently provided him pain medication. Such conduct can hardly be characterized as deliberate indifference. Although Mr. Tolefree may disagree with the treatment decisions made by the medical staff, a disagreement in treatment is not

evidence of a constitutional deprivation. Accordingly, Dr. Jones is entitled to judgment as a matter of law.

## III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.  Dr. Jones' motion for summary judgment *(Doc. 53)* be GRANTED, and judgment entered in her favor on Mr. Tolefree's claims against her, all of which should be DISMISSED, with prejudice;

2.  The Clerk be instructed to close this case.

DATED this 20th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE